CBOPTOH, J.,
delivered the opinion of the court. — From the statement made by Thomas Gibbs when called as a juror in this case, it does not appear that he had any prejudice against the prisoner. The opinion which he •had formed and expressed, although called by him a decided opinion upon the report which he had heard, did not involve the full question of the guilt or innocence of the prisoner; because the mind of the juror was satisfied that what he had heard was not a full detail of all the circumstances. What he had heard, therefore, could not afford materials for such an opinion. The *opinion formed was evidently, in its character, merely hypothetical, depending upon the truth of what he had heard, and the addition of other and fuller proof, and could not influence the mind of a juror otherwise unbiased and impartial. The court is therefore of opinion that the juror was competent, and that the prisoner’s challenge for cause was properly overruled. On this point, however, judges Estill, Brown, Duncan and Fry dissent.
The court is of opinion that the indictment is a good indictment for murder, the term “aforesaid” referring with sufficient certainty to the malice previously charged as malice aforethought; and although it is the most usual course to repeat the terms malice aforethought, it is well settled that the substitution of aforesaid for aforethought is not error. In Heydon’s case, 4 Rep. 41, the words “feloniceet ex malitia proecogitata” were omitted in that part of the indictment which charged the blow, which was connected with the felony and malice previously charged, by a copulative ; and the court decided that the conjunction coupled all the sentences together, and referred the felony and malice charged in the first part of the indictment to all the subsequent verbs. And in 2 Hawk. P. C. 314, it is laid down, that the law will not admit of too great nicety, and that if, in the first part of an indictment of death, the assault be laid with malice prepense, there is no need to repeat it in the clause which shews the giving the wound, that being joined by a copulative to the precedent sentence, and laid at the same time and place with the assault.
The court doth therefore decide that there is no error in the judgment, and that it be affirmed.
Judgment affirmed.